**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-6669

FRANCIS BARRY NEWMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-93-68, CA-97-308-R)

Submitted: November 24, 1998

Decided: February 10, 1999

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Robison Allen, Jr., Roanoke, Virginia, for Appellant. Donald
Ray Wolthuis, OFFICE OF THE UNITED STATES ATTORNEY,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Francis Barry Newman appeals the denial in part of his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion. Although we grant a certificate of appealability, we affirm the order of the district court.

Newman was indicted for criminal conspiracy and various drug and firearm charges related to an armed drug trafficking network that he headed in western Virginia. If convicted by a jury, Newman would have faced a maximum penalty of four life terms plus seventy years incarceration. Newman initially pled not guilty.

Newman eventually changed his plea to guilty on two counts of the indictment: possession of a firearm by a felon and attempted possession with intent to distribute cocaine. The remaining counts were dismissed. At his Fed. R. Cr. P. 11 hearing, Newman testified that he was in fact guilty of these crimes. In his plea agreement, Newman agreed that he would accept accountability for fifteen kilograms of cocaine. Further, he stipulated that there was a sufficient factual basis to support the allegations to which he pled guilty.

The Presentence Investigation Report ("PSR") recommended, inter alia, a two-point enhancement for possession of a firearm during the drug offense. Newman's counsel filed certain objections to the PSR, although none addressed the firearm enhancement or the drug quantity. His objections were overruled, and the district court sentenced Newman to 240 months imprisonment. The record also indicates that the district court did not inform Newman of his right to appeal.

Newman filed a § 2255 motion alleging that neither the court nor his counsel informed him of his right to appeal. The Government filed a response asserting, inter alia, that Newman had failed to allege he had any meritorious issues to appeal. Newman responded, listing the following issues that he sought to raise on appeal: (1) involuntary guilty plea because his attorney failed to investigate the amount of drugs for which he was held accountable; (2) involuntary guilty plea

2

due to his attorney ignoring his efforts to prove his innocence of the firearm charge; and (3) improper enhancement for firearm possession when there was no evidence that the firearms were related to his drug offense.

The district court interpreted Newman's response as an amendment of his motion adding ineffective assistance at the guilty plea and sentencing proceedings as separate claims for relief in his § 2255 motion. The district court then found that Newman had not been properly informed of his right to appeal and, therefore, entered an amended judgment, permitting Newman to appeal his original conviction and sentence. The district court also addressed the remaining claims on the merits and found that Newman had failed to show prejudice flowing from his attorney's allegedly incompetent representation.

On appeal, Newman argues that he was improperly denied an evidentiary hearing on his ineffective assistance claims. We have thoroughly reviewed the record and the district court's opinion, and we find that, for the reasons stated by the district court, Newman failed to raise issues of fact necessitating a hearing. See United States v. Newman, No. CR-93-68; CA-97-308-R (W.D. Va. Mar. 26, 1998). Accordingly, although we grant a certificate of appealability, we affirm the portion of the district court's order denying Newman's claims of ineffective assistance of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED